IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MORRIS, R71372,           ) | |
| )                                 | |
| Plaintiff,         ) | |
| )                                 | |
| vs.                              ) | Case No. 3:23-cv-03300-MAB |
| )                                 | |
| MAJOR ROWLAND,                   ) | |
| LT. ZANG, LT. BRADLEY SADLER,    ) | |
| SGT. ROYSTER, C/O HOFFMAN,       ) | |
| C/O EVANS, and C/O DULANEY,      ) | |
| )                                 | |
| Defendants.        ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Robert Morris, an inmate in the custody of the Illinois Department of Corrections (IDOC), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Menard Correctional Center (Menard). This case focuses on a single Eighth Amendment claim against the defendants for their alleged use of excessive force against Plaintiff on January 12, 2022 (Docs. 1 and 3). This claim was identified as "Claim 4" and severed from *Morris v. Jeffreys*, Case No. 23-01162-GCS (S.D. Ill. 2023) (Doc. 1). It is now before the Court for review under 28 U.S.C. § 1915A.[1] Any claim that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id*.

---

[1] The Court has jurisdiction to screen this matter in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

1

## THE COMPLAINT

Plaintiff sets forth the following allegations in support of Claim 4 at page 16 of the Complaint (Doc. 2): During a peaceful protest at Menard on January 12, 2022, a seriously mentally ill (SMI) inmate in Plaintiff's gallery attempted to commit suicide by lighting his cell on fire (Doc. 2, p. 16). Defendants Rowland, Zang, and Sadler suggested that Defendants Royster, Hoffman, Evans, and Delaney use mace and fire extinguishers to spray all of the inmates for doing "dumb SMI sh**." *Id*. Although Plaintiff played no role in the fire, Hoffman, Evans, and Delaney entered the gallery at the direction of the other four officers and sprayed chemical agents into his eyes, nose, and mouth for 3-5 minutes. *Id*. The officers then cut off the water supply and offered no options for decontamination. *Id*. Plaintiff describes the defendants' conduct as a "torture tactic." *Id*.

Based on the allegations in the Complaint, the Court deems it appropriate to recharacterize Claim 4, as follows:[2]

> **Claim 4:** Eighth Amendment claim against Rowland, Zang, Sadler, Royster, Hoffman, Evans, and Dulaney for directing or actively spraying Plaintiff in the eyes, nose, and mouth with chemical agents for 3-5 minutes on January 12, 2022, during his participation in a peaceful protest at Menard.

## DISCUSSION

The Eighth Amendment prohibits the cruel and unusual punishment of incarcerated persons. U.S. CONST. Amend. VIII. A claim arises in this context when a state

---

[2] Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice from this action as subject to the Order at Docs. 1 and 3 or as inadequately pled under *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

actor "use[s] force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). This occurs when an officer intentionally inflicts harm or knowingly fails to protect an inmate from the infliction of harm. *Id*.

Plaintiff's allegations in the Complaint articulate an Eighth Amendment claim against all seven defendants under this standard. This includes Hoffman, Evans, and Delaney for spraying the plaintiff with an excessive amount of chemical agents and Rowland, Zang, Sadler, and Royster for directing the other officers to do so. *See Gaines v. Prentice*, App. No. 21-1588, 2022 WL 2304227, at *3 (7th Cir. June 27, 2022) (allegations that officer personally ordered the unnecessary and excessive use of mace without justification stated Eighth Amendment claim under § 1983) (citing *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (holding plaintiff must plausibly allege supervisor had requisite state of mind to state a claim for facilitating, approving, or condoning unlawful act); *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (the use of force maliciously and sadistically to cause harm states claim under Eighth Amendment)).

## DISPOSITION

**IT IS HEREBY ORDERED** that **Claim 4** in the Complaint (Doc. 2) survives screening under 28 U.S.C. § 1915A and shall proceed against Defendants **ROWLAND, ZANG, SADLER, ROYSTER, HOFFMAN, EVANS,** and **DULANEY**, in their individual capacities.

The Clerk of Court shall prepare for **ALL DEFENDANTS**: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Order Severing Case (Doc 1), the Complaint (Doc. 2), Memorandum and Order (Initial Review) (Doc. 3), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 2) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

4

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   February 20, 2024

                                          **/s/ Mark A. Beatty**
                                          **MARK A. BEATTY**
                                          **United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.