IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-3300-MAB |
| | ) |
| TREVOR ROWLAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Defendants Matthew Dulaney, Eric Evans, Philip Royster, Bradley Sadler, Caleb Zang, Trevor Rowland, and Robert Hoffman's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 46; *see also* Doc. 47). For the reasons set forth below, Defendants' motion is DENIED at this time (Doc. 46). However, Defendants may request a *Pavey* hearing if they wish to further contest the specific factual issue of whether Plaintiff properly filed an applicable grievance that was then lost or destroyed.

### BACKGROUND

Plaintiff Robert Morris filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Menard Correctional Center (*see* Docs. 1, 2, 15).[1] In this case, Plaintiff is proceeding

---

[1] Plaintiff initiated these proceedings by filing a Complaint in *Morris v. Jeffreys*, Case No. 23-cv-1162-GCS (S.D. Ill. 2023). Thereafter, for the reasons discussed in the Court's Order dated October 6, 2023 (Doc. 1), the Eighth Amendment excessive force claim Plaintiff is now proceeding upon in this case was identified and severed from Case No. 23-cv-1162.

Page **1** of **11**

upon a single Eighth Amendment claim against Defendants for directing or participating in the use of excessive force against Plaintiff on January 12, 2022 (Doc. 15 at p. 1). More specifically, Plaintiff alleges that during a peaceful protest at Menard on January 12, 2022, an inmate at Menard attempted to commit suicide by lighting his cell on fire (*Id.* at p. 2). In response, Defendants Rowland, Zang, Royster, and Sadler instructed Defendants Hoffman, Evans, and Delaney to use mace and fire extinguishers to spray Plaintiff and other inmates who were involved in the peaceful protest, even though they played no role in the fire (Doc. 2 at p. 16; Doc. 15 at p. 2). Defendants Hoffman, Evans, and Delaney then entered the gallery and sprayed chemical agents into Plaintiff's eyes, nose, and mouth for 3-5 minutes (Doc. 2 at p. 16; Doc. 15 at p. 2).

On April 6, 2023, Plaintiff's Complaint was filed in *Morris v. Jeffreys*, Case No. 23-cv-1162-GCS (S.D. Ill. 2023). Plaintiff's instant claim was then severed into this case (*see* Doc. 1) and his Complaint was refiled (Doc. 2). The Court conducted a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A in February 2024 (Doc. 15). Ultimately, Plaintiff was permitted to proceed on the following claim:

> **Claim 4:** Eighth Amendment claim against Rowland, Zang, Sadler, Royster, Hoffman, Evans, and Delaney for directing or actively spraying Plaintiff in the eyes, nose, and mouth with chemical agents for 3-5 minutes on January 12, 2022, during his participation in a peaceful protest at Menard.

(*Id.* at pp. 2-3).

On November 20, 2024, Defendants filed the instant Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 46), along with a supporting memorandum and exhibits (Doc. 47; *see also* Docs. 47-1, 47-2, 47-3). Several

months after Plaintiff's amended response deadline had passed (*see* Docs. 49, 50), the Court received Plaintiff's Response in Opposition and an accompanying letter explaining that Plaintiff attempted to timely respond but was delayed due to mailing issues outside of his control (Doc. 51). Consequently, the Court elected to treat Plaintiff's response as timely filed for good cause shown (Doc. 52). Thereafter, Defendants timely filed a Reply in Support of their motion (Doc. 53; *see also* Doc. 52).

## **LEGAL STANDARDS**

I. *Summary Judgment Standards*

Summary judgment is appropriate if the movant shows there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the Court "generally will construe all facts and reasonable inferences in the light most favorable to the non-moving party." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013). This means courts cannot resolve factual disputes in favor of the party seeking summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, "[t]he nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010).

II. *Exhaustion Requirements*

As outlined in the Prison Litigation Reform Act, "[a] prisoner may not bring a federal suit about prison conditions unless he first has exhausted all available

administrative remedies." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) (citing 42 U.S.C. § 1997e(a)). A remedy has not been exhausted if the prisoner failed to abide by the procedures for pursuing relief. *Id.* Thus, to properly exhaust one's administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

However, an inmate is not required to exhaust administrative remedies that are not actually available to him. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("Remedies that are genuinely unavailable or nonexistent need not be exhausted."). The Seventh Circuit has "found remedies unavailable in a number of instances in which the inmate, through no fault of his own, could not have accessed the grievance procedure." *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018). Furthermore, the failure to exhaust administrative remedies is an affirmative defense that the defendants carry the burden of proving. *See Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018). "To meet their burden, the defendants must show beyond dispute that remedies were available." *Id.* at 533-34.

III.    IDOC Grievance Procedures

Individuals incarcerated within the Illinois Department of Corrections (IDOC) are required to follow the grievance procedure outlined in the Illinois Administrative Code to exhaust their administrative remedies. *See* 20 Ill. Admin. Code § 504.800, *et seq.* (2017). To initiate the normal grievance process, an inmate must file a grievance with their institutional counselor within 60 days of the discovery of the incident. *Id.* at § 504.810(a). After the counselor provides a response, an inmate may submit his grievance to a

grievance officer who is to report his or her findings and recommendations to the Chief Administrative Officer (the "warden") within two months. *Id.* at 504.830(e). The warden reviews the grievance officer's findings and recommendations, and then provides a written decision. *Id.* If an inmate is unsatisfied with the warden's decision, he has 30 days from the date of the warden's decision to appeal to the Administrative Review Board (the "ARB"). *Id.* at § 504.850(a). The ARB then submits a written report to the Director of the IDOC, who makes a final decision within six months, when reasonably feasible. *Id.* at § 504.850(e).

Alternatively, an inmate can request for his or her grievance to be handled on an emergency basis by submitting the grievance directly to the warden. *Id.* at § 504.840. If the warden determines the grievance should not be handled as an emergency, the inmate is notified in writing that he or she may resubmit the grievance in accordance with the standard grievance process. *Id.* at § 504.840(c). However, if the warden determines the grievance is an emergency, the warden must expedite processing of the grievance and respond by indicating what action shall be or has been taken. *Id.* at § 504.840(b). Additionally, if an inmate appeals the warden's decision on an emergency grievance, the ARB is also required to expedite processing of the emergency grievance. *Id.* at § 504.850(f).

## DISCUSSION

Defendants contend that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies by filing a grievance at any level relating to the incident on January 12, 2022 (Doc. 47 at pp. 6-8). Furthermore, Defendants argue that Plaintiff's attempts to rely upon another inmate's grievances are improper and

insufficient to exhaust Plaintiff's administrative remedies (*Id.*). In response, Plaintiff avers that: (1) he could rely upon another inmate's grievances because that grievance challenged the same incident; and (2) he attempted to submit his own grievances about the January 2022 incident, but they were lost or destroyed (Doc. 51 at pp. 4-6).

As an initial matter, the Court rejects Plaintiff's contention that he may rely upon inmate Tory McCray's grievances to exhaust his administrative remedies (*see* Doc. 51 at pp. 8-14). "Plaintiffs cannot establish exhaustion by relying on the grievances of different prisoners who previously pursued similar claims. Rather, to survive summary judgment on the issue of exhaustion, [the plaintiffs] must each establish that they personally exhausted the grievance process." *Wallace v. Baldwin*, 18-CV-1513-NJR, 2021 WL 916747, at *5 (S.D. Ill. Mar. 10, 2021), *aff'd in part, rev'd in part on other grounds,* 55 F.4th 535 (7th Cir. 2022).[2]

---

[2] Admittedly, when reviewing the district court's decision in *Wilson*, the Seventh Circuit intentionally avoided addressing the question of whether vicarious exhaustion could be relied upon in PLRA suits filed in the Seventh Circuit. *See Wallace v. Baldwin*, 55 F.4th 535, 544 n. 8 (7th Cir. 2022). However, Plaintiff has not cited to any caselaw to support his argument and the Court's research has only identified cases rejecting attempts to utilize vicarious exhaustion in individual actions (i.e., in cases that are not class actions). *See, e.g.*, *Ambrose v. Walker*, 08-533-DRH-CJP, 2010 WL 2653311, at *5 (S.D. Ill. Apr. 12, 2010) ("Regardless of whether the Seventh Circuit would apply the doctrine in a prisoner class action, plaintiffs have not cited an opinion which suggests that the Court of Appeals would approve of applying vicarious exhaustion where the prisoner plaintiffs are *not* suing as a class under Rule 23. This Court's independent research has not located such a case. This is not surprising, as the rationale for excusing exhaustion by all members of a plaintiff class is rooted in the similarity of claims and remedies as to all members of the class."); *James v. Cartwright*, 11-CV-1083-MJR-SCW, 2013 WL 3353922, at *6 (S.D. Ill. July 3, 2013) ("[T]he undersigned agrees with the Defendants that the Code does not contemplate third-parties *writing* grievances on behalf of other inmates[.]"); *Doss v. Gilkey*, 649 F. Supp. 2d 905, 913 (S.D. Ill. 2009) ("Second, *Lewis, Woodford, Pozo* and *Dole,* all cited above, require strict compliance with prison grievance procedures; the regulations pertaining to exhaustion in the BOP do not specifically provide for multiple inmates filing a single grievance."); *Castillo v. Thompson*, 22-16255, 2024 WL 1299990, at *3 (9th Cir. Mar. 27, 2024) ("Because this case is not a class action, Castillo cannot benefit from vicarious exhaustion.").

The Court now turns to Plaintiff's contention that he attempted to file grievances but they were destroyed by facility staff. Admittedly, as Plaintiff's concedes, his facility level and ARB level grievance records do not contain a grievance related to the January 2022 incident (*see* Doc. 47-2; Doc. 47-3). The Court's own review of those records confirms as much (*see* Docs. 2; 47-2; 47-3; 51). However, an inmate may be excused from exhausting his or her administrative remedies if the grievance process is "not available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "[P]rison officials cannot prevent an inmate from exhausting administrative remedies by ignoring properly filed grievances or by impeding the use of the grievance system by withholding necessary forms. Such barriers render administrative remedies not available, and an inmate does not forfeit his ability to file suit by failing to exhaust unavailable remedies." *Reierson v. Monroe*, No. 09C3753, 2010 WL 748125, at *4 (N.D. Ill. Feb. 26, 2010).

Crucially, Plaintiff's response alleges that "Plaintiff submitted multiple grievances about this issue" but "his grievances were thwarted, destroyed, and torn out by facility staff." (Doc. 51 at p. 5).[3] Additionally, Plaintiff's Complaint contains a similar allegation that Defendants "convinced and persuaded counselors, grievance officers, and the Administrative Review Board to throw away Plaintiff's grievances about this issue."

---

[3] Allegations made in Plaintiff's response brief, without more, would not be sufficient to create a factual dispute warranting a *Pavey* hearing and/or the denial of Defendants' motion. Nevertheless, Plaintiff's response and Complaint both attached evidence to support his contention that the administrative review process was not available to him. *Hernandez v. Lee*, 128 F.4th 866, 870 (7th Cir. 2025) (stating that a sworn declaration alone is sufficient to raise a genuine factual dispute at the summary judgment stage). "In the end, it may be that [Plaintiff's] contentions do not withstand scrutiny and that [Defendants'] account proves more credible and more compelling. But, as a court of review, we cannot make that call in the first instance. It is instead for the district court to make the required credibility determinations after holding an evidentiary hearing." *Id.*

(Doc. 2 at p. 20). Moreover, while the factual contentions contained in Plaintiff's response lack the specificity required by the Local Rules,[4] they are supported by several pieces of evidence that are sufficient to demonstrate a factual dispute. For one, Plaintiff's response cites the affidavit of Inmate Tory McCray (*see* Doc. 51 at p. 6). That affidavit, which was made on February 13, 2022, states that McCray "witnessed [Plaintiff and others] place [their] Grievance to the Grievance box" shortly after the January 2022 incident (*Id.* at p. 17). In addition, Plaintiff attached his own affidavit, dated January 17, 2025, which swore under penalty of perjury that he "submitted multiple affidavits, grievances that disappeared everyday." (*Id.* at p. 18). Furthermore, Plaintiff attached numerous additional affidavits made by himself and other inmates who witnessed the January 2022 incident, all of which contain a similar statement that they "tried to file a grievance and the grievance wasn't made available for me at all." (*see, e.g.*, Doc. 2 at pp. 38, 39, 55, 60).

Therefore, at this juncture, Plaintiff has provided sufficient evidence to demonstrate a factual dispute as to whether his attempts to submit a grievance or

---

[4] Defendants' reply brief argues that their motion should also be granted because Plaintiff failed to comply with SDIL Local Rule 56.1 by not responding to each factual assertion contained in Defendants' Statement of Undisputed Material Facts (Doc. 53 at pp. 1-2; *see also* Doc. 47 at pp. 2-3). While it is true that Defendants notified Plaintiff of his obligations under Federal Rule of Civil Procedure 56 (Doc. 48) and Plaintiff's Response did not comply with Local Rule 56.1 (*see* Doc. 51), Defendants' Notice did not clearly reference the requirements unique to Local Rule 56.1 that Defendants now cite (*see* Docs. 48, 53). Therefore,

> Given that the consequences of failing to comply with Local Rule 56.1 are so dire, and considering the Seventh Circuit's mandate in *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), the Court finds that leniency is appropriate here where Defendants' Rule 56 notice did not sufficiently address the importance of complying with Local Rule 56.1's requirements. Thus, the Court will not penalize Plaintiff for failing to comply with the specifications set forth in Local Rule 56.1(b). The Court, however, will not excuse noncompliance with Federal Rule of Civil 56, such as failing to properly support or address a fact as required by Rule 56(c).

*Harris v. David*, 21-CV-440-DWD, 2025 WL 18667, at *3 (S.D. Ill. Jan. 2, 2025).

grievances were thwarted by prison officials.[5] *See Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If, however, a prisoner raises 'sufficient factual allegations demonstrating a genuine dispute as to whether the administrative remedies were available to him,' a court must conduct an evidentiary hearing pursuant to *Pavey*[.]"). Specifically, if Plaintiff properly submitted a grievance that covered the January 2022 incident, which was then lost or destroyed through no fault of Plaintiff, this would establish that Plaintiff exhausted the administrative remedies available to him. *See Lanaghan*, 902 F.3d at 688 ("[T]he proper focus is not whether the defendants engaged in affirmative misconduct, but whether Lanaghan was not able to file the grievance within the time period through no fault of his own."); *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) ("Because Dole properly followed procedure and prison officials were responsible for the mishandling of his grievance, it cannot be said that Dole failed to exhaust his remedies."). Indeed, instances where a properly filed grievance is lost or destroyed once it is no longer in an inmate's possession provide a textbook example of a remedy that is not available. *See Dole*, 438 F.3d at 811.

As such, there is a contested issue of fact as to the dispositive issue of whether Plaintiff properly filed a grievance about the January 2022 incident, which was then lost or destroyed. Due to this factual dispute, summary judgment for Defendants must be

---

[5] The Court does have some questions regarding the evidence Plaintiff has provided to support his contentions. However, because those questions predominantly involve credibility determinations, the Court believes it prudent to refrain from addressing them until a *Pavey* hearing is held (if Defendants timely request such a hearing). *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (explaining that credibility determinations should not be made prior to the district court conducting an evidentiary hearing); *Ingram v. Watson*, 67 F.4th 866, 871 (7th Cir. 2023) ("But the court also cannot disbelieve statements in affidavits without holding a hearing.").

DENIED at this time (Doc. 46). An evidentiary hearing is needed if Defendants wish to pursue the affirmative defense of exhaustion further. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *see also Hernandez v. Lee*, 128 F.4th 866, 870 (7th Cir. 2025) ("It is instead for the district court to make the required credibility determinations after holding an evidentiary hearing."); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("[A] judge can resolve an issue of exhaustion, like other threshold issues (such as jurisdiction), himself, in order to avoid multiple trials in the same case. But he can do that ***only after*** conducting an evidentiary hearing."); *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) ("At *Pavey* hearings, judges may hear evidence, find facts, and determine credibility."). Accordingly, if Defendants want to continue pursuing the affirmative defense of failure to exhaust, they must file a notice within **14 days** of this Order requesting a *Pavey* hearing. If a hearing is requested, Defendants shall identify the witnesses they intend to call to testify, as well as the subject matter of each witness.[6] If no request is timely made, the Court will enter a scheduling order for discovery on the merits of this case.

## Conclusion

For the reasons discussed above, Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies is DENIED at this time (Doc. 46). However, to the extent Defendants wish to further contest the dispositive factual issue of whether Plaintiff filed or attempted to file an applicable grievance related to the incident on January 12, 2022, they must file a notice within **14 days** of this Order requesting a *Pavey*

---

[6] Additionally, if a *Pavey* hearing is held, Plaintiff should bring any documents or evidence he has that discusses the grievance(s) he purportedly filed regarding the incident in question. Moreover, Plaintiff should be prepared to discuss the contents of those grievance(s) to the best of his ability at the hearing.

hearing. If a hearing is requested, Defendants shall identify the witnesses they intend to call to testify, as well as the subject matter of each witness. If no request is timely made, the Court will enter a scheduling order for discovery on the merits of this case.

**IT IS SO ORDERED.**

**DATED: August 12, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
